Thomas McCraith, Respondent, v. The National Mohawk Valley Bank, Appellant.

D. conveyed certain premises to plaintiff by warranty deed, receiving a mortgage thereon for part of the purchase-money. There were at the time two mortgages on the premises, one owned by defendant. Plaintiff paid the amount of his mortgage before due to defendant, who then held it as collateral security for obligations of D., in consideration of an oral agreement on its part to release the premises from its mortgage, and to procure a release of the other mortgage. It released its own, but did not procure a release of the other, which was subsequently foreclosed and the premises sold. In an action to recover damages for a breach of the agreement, *held*, that it was not within the statute of frauds, as the undertaking of defendant was original, not collateral, nor was it a contract for the sale of lands or an interest therein; also that the contract was not *ultra vires*.

The court charged the rule of damages to be the value of the land at the time of the foreclosure sale, unless from the evidence it could be seen that the promised release could have been procured for a less sum; in which case that would be the measure of damages   *Held*, no error.

(Submitted January 20, 1887; decided March 1, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 15, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for an alleged breach of an agreement.

On the 1st day of January, 1876, J. M. Dygert conveyed to plaintiff by warranty deed certain premises for the consideration of $1,500, in part payment of which plaintiff gave back to Dygert a mortgage of $1,363.81. There were two prior mortgages on the property, the first one of which was held by the defendant and the other by Myers & Rasbach. The plaintiff, before his mortgage became due and on the 22d of July, 1876, paid the amount thereof to the defendant. The defendant then had possession of the mortgage. The claim of the plaintiff was, and the jury in substance found, that the defendant then had an interest in the mortgage, holding it as collateral security, that plaintiff paid it at the request of

and on the promise of the defendant, that it would release the premises from defendant's mortgage, and would also procure for plaintiff a release of the other mortgage. The defendant afterward gave to plaintiff a release from its mortgage, but did not procure a release of plaintiff's premises from the other, which was foreclosed and the premises, with others, sold thereon about the 9th of February, 1879. The court charged on the question of damages, in substance, that the rule of damages was the value of the property at the time of the foreclosure sale, except that if from the evidence the jury could see that plaintiff could have procured a release for a less sum than the value, then that sum would be the measure of damages.

*Amos H. Prescott* for appellant. Every special promise to answer for the debt, default or miscarriage of another person is void. (*Mallory* v. *Gillett*, 21 N. Y. 412; *Brown* v. *Weber*, 38 id. 187; *Pfeifer* v. *Adler*, 37 id. 164; *Duffy* v. *Wench*, 42 id. 243; *Belknap* v. *Bender*, 75 id. 446; *Durand* v. *Curtiss*, 57 id. 7; *Kingsley Balcom*, 4 Barb. 131.) The defendant had no right, authority or power, under its charter, to make any such agreement as was proved in the case; it is in violation of section 8 of the National Currency Act. (*Nat. Bk. of G.* v. *Wells*, 79 N. Y. 499; *N. Y. S. L. & T. Co.* v. *Helmer*, 77 id. 64; *Bk. of Gen.* v. *Bostwick*, 71 id. 161; *Bk. of Roch.* v. *Pierson*, 31 Am. 341; *Fowler* v. *Scully*, 72 Penn. 456; *Weckler* v. *Bk. of Hagerstown*, 20 id. 95.) No action can be maintained to recover back any of the money paid by the plaintiff, because the defendant had never received any of it. (*Pratt* v. *Short*, 79 N. Y. 437.) The defendant has not reaped the benefits, or had any benefit whatever from any contract with the plaintiff, and a plea of *ultra vires* can be interposed against one who has contracted with it. (*Rider L. Raft Co.* v. *Roach*, 97 N. Y. 378.)

*Smith & Steele* for respondent. The undertaking of the defendant was original and not collateral. (*Prime* v. *Koehler*,

77 N. Y. 91; *Ely* v. *McKnight*, 30 How. 97; *Tallman* v. *Bresler*, 65 Barb. 369; *Allen* v. *Eighmie*, 14 Hun 559; *Barry* v. *Ransom*, 12 N. Y. 462; *Sanders* v. *Gillespie*, 59 id. 250; *Barker* v. *Bradley*, 42 id. 316; *Mallory* v. *Gillett*, 21 id. 412.) The claim of the defendant, to retain the money paid by the plaintiff without performance on its part, is condemned by the law as a fraud greater than that which the statute was intended to prevent. (*Ryan* v. *Dox*, 34 N. Y. 307; *Wheeler* v. *Reynolds*, 66 id. 227; *Levy* v. *Brush*, 45 id. 589; *Rice* v. *Peet*, 15 John. 502; *Gillett* v. *Maynard*, 5 Johns. 85; *Day* v. *N. Y. C. R. R. Co.*, 51 N. Y. 583.) The bank had power to make this contract. (*Bk. of Vergennes* v. *Warren*, 7 Hill, 94.) The bank ratified the acts of its cashier by accepting and appropriating the money and executing the release of its mortgage, and if the defendant now alleges that at the time of making the contract it had no power to perform, or that the contract is *ultra vires*, it is not the plaintiff's fault, and the defendant should refund the money. (Thomas on Mortg. 294.) In this case the covenant was not to pay the mortgage, but to procure a release of it as to the plaintiff's lot, and the consideration has been paid by the covenantee. (*Deyo* v. *Waggoner*, 19 Johns. 441.)

*Per Curiam.* There was a conflict of evidence as to the circumstances under which the bank took the plaintiff's mortgage. It was claimed, on the part of the plaintiff, that the bank held it as collateral security for certain obligations held by the bank against Dygert, and, therefore, that it had an interest in the security, when it was paid to the bank by the plaintiff. The bank, on the other hand, insisted that it held the mortgage, simply as the custodian of Dygert, for the simple purpose of receiving payments, which might be made thereon by the plaintiff. This issue was sharply contested, and was found by the jury, against the defendant. So, also, there was a conflict of evidence, as to the verbal agreement, alleged by the plaintiff, to have been made by the defendant, through its cashier, with him, to the effect that if the plaintiff

would pay the mortgage to the bank, the bank would release its mortgage on the plaintiff's lot, and would also procure for the plaintiff a release of the Rasbach and Myers mortgage. This issue, also, the jury found against the defendant, and in favor of the plaintiff.

The findings of the jury, upon these issues, are not unsupported by evidence, and this court cannot review their decision on the facts. Upon the findings of the jury, there was ample consideration, for the agreement of the bank, to procure a release of the Rasbach and Myers mortgage. It must be assumed that the plaintiff paid his mortgage to the bank before maturity, upon the faith of the promise of the bank. He thereby changed his position, and did what he was under no obligation to do. The agreement was not within the statute of frauds. The undertaking of the bank was original, and not collateral. (*Prime* v. *Koehler*, 77 N. Y. 91; *Milks* v *Rich*, 80 id. 269, and cases cited.) Nor was it a contract for the sale of lands, or of any interest in lands. We are also of opinion that the contract, on the part of the bank, was not *ultra vires*. The bank had an interest in securing payment of its obligations against Dygert. The arrangement with the plaintiff was an ordinary business transaction, and within the usual powers of a business corporation, and, although an agreement by a bank to procure a release of a mortgage held by a third person is not primarily an agreement relating to banking, yet when made to secure payment of a debt due to the bank it cannot be said to be foreign to the purposes, or beyond the powers of the corporation. We think there was no error in the rule of damages. The opinions in the court below are full and quite satisfactory upon all the points involved, and further elaboration is unnecessary.

The judgment should be affirmed.

All concur.

Judgment affirmed.